THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH RIVOSI, PLAINTIFF IN ERROR.

Submitted November 6, 1924—Decided February 9, 1925.

**Crimes—Sale of Intoxicants—Motion to Quash on Ground That Indictment Failed to Indicate Whether Defendant was Accused Under the Beverage or the Non-beverage Act—Held, That Accusation Under the Former Act was Plain—Error Not Shown in Denying Motion to Controvert the Ground Upon Which Warrant was Issued at That Time.**

On error to the Court of Quarter Sessions of the county of Monmouth.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff in error, *Lester C. Leonard* and *Howard S. Higginson.*

For the defendant in error, *Charles F. Sexton,* prosecutor of the pleas.

PER CURIAM.

This is a writ of error to Monmouth Quarter Sessions. Defendant was indicted for the unlawful sale of intoxicating liquors, was tried and convicted on all counts. Before trial a motion to quash was made and denied, and such action is assigned as error.

The question is whether the indictment informs the defendant of the nature and cause of the accusation. We think it does. It charges the sale of liquors "intoxicating and fit for beverage purposes." It is said by the defendant that he was unable to tell by that indictment whether he was accused under the Beverage act (*Pamph. L.* 1922, *p.* 615), or the Non-beverage act. *Pamph. L.* 1922, *p.* 420. We think he was plainly accused under the former, and not by the latter act.

The Beverage act prohibits the sale of intoxicating liquors "which are fit for use for beverage purposes," and section 3 thereof says that the words "fit for use for beverage purposes" shall be construed to mean any liquor which is *suitable* for a drink, or is adapted, or intended by the manufacturer thereof or dealer therein to be used as a drink." It therefore seems clear that this indictment is sufficient, and, hence, the motion to quash was properly denied.

At the trial after the motion to quash was denied, counsel for the defendant said, "I move to controvert the grounds upon which the warrant was issued." The trial judge said, in reply, "This is not the proper time to controvert the grounds upon which the warrants were issued, and I, therefore, deny your motion." Objection was taken to this, and such action is urged as a cause for reversal. It is sufficient to say that we think no error is shown in respect to that action of the trial.

The judgment below will be affirmed.